Edwards, Ch. J.
delivered the following opinion of the court • — This was an action on the case, brought by Taylor against Giger, for erecting a mill-dam, whereby, as the declaration charges, the water was dammed up so as to cause it to overflow some of Taylor’s land ; and so as to destroy his timber ; and whereby the water became stagnated, so as greatly to annoy the health of Taylor’s family, &c. The defendant pleaded not guilty, and the plaintiff joined issue thereupon.
On the trial of the cause, the jury found for the plaintiff five hundred dollars in damages. The defendant moved for a new trial, (as the record states) “ upon the whole case,” and upon the affidavit of five of the jurors, explaining the grounds upon which they found their verdict, as to the quantum of damages.* The court set aside the verdict, and granted a new trial; to which the plaintiff excepted, and in the bill of exceptions hath set forth the whole of the evidence given upon the trial, and the affidavit of the jurors.
Where jurors have confewted to a verdidt, * new trial ought never to be granted on th« affidavit of any of their, Gating the grounds on which they found their verdict.
Upon the second trial, the jury found for the defendant, and judgment was thereupon rendered for him ; to reverse which proceedings, Taylor prosecutes this writ of error.
The material question, to be decided, is, whether the flrst verdict was properly set aside, and a new trial granted, either upon, the evidence, or the affidavit of the jurors.
We are clearly of opinion, that upon the evidence given upon the trial, there was no cause for granting a new trial. There is some contrariety in the evidence, but the weight of it is in favor of the plaintiff; nor does it appear, from the evidence stated, that the verdict was contrary to law.
In actions of tort, sounding purely in damages, where there is no. certain criterion to go by, a new trial ought not to be granted for excessiveness of damages, unless, the damages found are so enormous as to shew that the jury were under some improper influence, or were led astray by the violence of prejudice or passion. It is not enough that the judge may think, he would mot have given so much, if he had been one of the jury. He ought to see, clearly, that the dagiages are flagrantly outrageous, and that the verdict cannot be just, before he will, on that ground, grant a new trial; Otherwise, the verdict of the jury, must, in all cases, depend on the opinion pf the judge, and the constitutional trial by jury, will be-prostrated.
It does not seem.to us, from the evidence given, that the damages were so excessive as to authorise a new trials and, indeed, they appear to us to be in no wise extravagant..
These general observations, haye been made, in some-measure, necessary, by the loose manner in which the motion for a new trial was made; from which, we are left to conjecture, as to the grounds of the application, so far as relates to the evidence ; no particular ground being stated by the appellant, except the affidavit of the jurors. ' '
This loose practice of permitting a motion for a new trial to be made, “ upon the whole case,5’ought never to be indulged by a court. The party ought to be required to give a rule to shew cause ; or, at least, to state explicitly,-in writing, the grounds of his application, in order *588 that the other party mayjjiaye.a fair opportunity q£ meeting thetn.
x Bur. 385.
The propriety of grsarjttog the. pew trial, ipust rest upon the affidavit of the jurors.
The affidavits of jurors, going to impeach the verdict, have been sometimes received, and sometimek rejected j hut even in those; cages in which they have been permitted to be used, the judges have, very properly, declared, that they ought to be very cautiously received ; and that the case ought to be clearly made out, before a new trial should be granted- To decide that the affidavit of the jurors, should, in no case, be received to impeach the verdict, would, perhaps, be going too far; and would be contrary to many precedents. But to permit them to he used, in all cases, to explain the grounds upon which the jury made up the verdict, would be extremely dangerous and, improper. The question of difficulty, is, ia what cases they ought to be received, and in what cases, rejected.
There is one class of cases, where the affidavits, or the, depositions of the jurors, have been received to impeach the verdiet, by shewing that there was, in truth, no verdict ; and that the jurors, or part of them, never did consent to it, as rendered, Sqch was the case Cohran vs. Street, 2 Wash. Rep, 79 ; and such was the cage, where eleven of the jurors swore that they had agreed, to find for the plaintiff, and to give him- five shillings damages ; but that their foreman had, through mistake, delivered a verdict for the. defendant: and; several, other cases of ¾ similar kind.
On the other hand, it has been determined, and we think properly, that the affidavits of the jurors ought, not to be received, to prove misbehaviour in themselves and their fellow-jurors ; but; that wherever misbeha-viour of the jury is relied on, as a ground for a new trial, it ought to be made out by other evidence.
We cannot discover any case where, the jurors have consented to the verdict, and where they have been permitted afterwards, by their affidavits, for the purpose of impeaching or setting aside their verdict, to explain the train of reasoning, or the grounds, either of law or fact, assumed by them, inducing that consent. Such a prac-' tice, if tolerated, would be extremely dangerous. It would create a violent temptation for the loosing party' *589 to tamper with the jurors; and by private conversations.; with them, after the trial, he might, and frequently would impose, both on the jurors and the court, the after-thoughts of the jurors, for their opinions in the jury* room. Few verdicts in disputed cases, could stand, if the parties shall be permitted, by such after-conversations with the jurors, to bring before the court, what may be supposed to. be their mistakes in law or fact, made put in this way only.
It is the proper province of the jury to decide facts : but the law should be determined by the court. It is the duty of the parties to apply to the court, to direct the;jury as to the law arising out of the case. If they neglect to do so, they ought not to be permitted to examine the jurors afterwards, as to their legal impressions. If the verdict is contrary to evidence, or contrary to law, a new trial may be granted ; but it ought to appear to be so, from the evidence given upon the trial, and from the law arising on that evidence, without penetrating the. recesses of the jury room. Here, the defendant might, and his duty required that he should have had the jury informed, that a subsequent action might be brought, for a continuation pf the nuisance, or mill-dam,
If the jurors were ignorant as tp the law of the case, it was his own fault that they were so. But whether they vjcr-e, or. not, he ought not to be permitted to prove, by their affidavits, after the trial. If such a practice were permitted, it is believed any artful man might, get a new trial, who would take pains to talk afterwards with the jurors, and not only get them to give him ex-, planations of their views, but also, thus give them his own.
We are, therefore, of opinion, that the affidavits of the jurors, in this case, ought not to have been received, Or considered as making out a proper case for a new trial ;* that the new trial was erroneously granted ; and that, consequently, all the subsequent proceedings, and the judgment for the defendant, in the last verdict, are/ erroneous.
It is, therefore, considered, that the judgment aforesaid, be, and the same is hereby reversed, annulled, and set aside ; and that all the proceedings in the cause, in *590 the court below, subsequent to the «first verdict, be also set aside ; and the cause is remanded to the said circuit court, with directions to render judgment on the first verdict, for the plaintiff, for the amount of the damages assessed by the jury, on his behalf, together with costs.

 They ftated that they were under the imprefiion, that this ait ion would be a bar to a future recovery, if the mill-dam was continued ; and, therefore, they found higher damages than they otherwife would have done,

 Heath vs. Conway, Spring 1809, S. P.